ORTIZ ET AL., PLAINTIFFS, APPELLANTS AND APPELLEES, *v.* PASSALACQUA ET AL., DEFENDANTS, APPELLEES AND APPELLANTS.

APPEAL from the District Court of Ponce in an Action of Annulment and Ejectment.

No. 1637.—Decided July 23, 1918.

EJECTMENT—CONJUGAL PARTNERSHIP—CONVEYANCE.—The conveyance of real property belonging to a conjugal partnership by the husband without the consent of his wife on December 3, 1902, is null and void according to sections 159 and 1328 of the Revised Civil Code which was in force at that time.

Id.—Id.—Liquidation.—A title of heir of one of the members of a conjugal partnership is not sufficient for the recovery of half of a property which forms part of the assets of the conjugal partnership when the said partnership has not been liquidated, for until the partnership has been liqui·dated it cannot be considered that there is a surplus which belongs to the spouses in equal shares. *Succession of Morales* v. *Kieckoefer et al.,* 17 P. R. R. 889.

Cause of Action.—After considering the complaint and the evidence it was held that the plaintiffs had no cause of action and that the plea of *sine actione agis* would defeat them.

The facts are stated in the opinion.

*Messrs. Eduardo Flores Colón* and *Antonio F. Castro* for the plaintiffs.

*Messrs. José* and *Manuel Tous Soto* for the defendants.

Mr. Justice del Toro delivered the opinion of the court.

Rafael, Quintín, Pedro, Severiana, Leocadia and Nicolás Ortiz y Ortiz brought an action in the District Court of Ponce for "a declaration of nullity of a conveyance and in ejectment." They allege in the complaint:

"1. That they are of age and reside in Barros and that all of the defendants are of age and live in Coamo, within this judicial district.

"2. That in the month of December, 1902, the spouses José Dolores Ortiz and María Félix Ortiz were the owners of the following rural property (describing it).

"3. That by a deed executed on December 3, 1902, before Felipe Rodríguez, a notary of Coamo, José Dolores Ortiz acknowledged that he owed $3,000, provincial money, to defendants Passalacqua, which amount was secured by a mortgage on the property described, and in payment of said debt he conveyed the whole of the described property to them.

"4. That the property conveyed by José Dolores Ortiz to the defendants belonged to the conjugal partnership composed of the grantor and his wife, María Félix Ortiz, and that said conveyance was made without the acquiescence or participation of said María Félix Ortiz.

"5. That since the date of the conveyance the defendants have been in possession of the said property, enjoying the products, rents and use thereof, estimated at a sum of not less than $15,000, without good faith or just title.

"6. That María Félix Ortiz died in the town of Barros, leaving

as her sole and universal heirs her legitimate children Rafael, Quintín, Pedro, Severiana, Leocadia and Nicolás Ortiz y Ortiz, to whom the interest held by their mother, María Félix Ortiz, in the said property was allotted in common *pro indiviso* in a private partition in which they and their father, José Dolores Ortiz, participated.''

Based on the foregoing allegations the plaintiffs prayed the court ''to adjudge, after the proper legal formalities, that the deed of conveyance mentioned in the third count of the complaint and executed by José Dolores Ortiz without the consent of his wife, was null and void, and that its record in the registry of property, if it had been so recorded, was consequently also void,'' and ''that the defendants be ordered to reinstate the plaintiffs as predecessors in interests (*sic*) of María Félix Ortiz in the possession of said property, and to render in due course an accounting of the products thereof, and that in any event the defendants be adjudged to pay the costs, expenses, disbursements and attorney. fees.''

The defendants were summoned, but made no appearance and their default was entered by the clerk. A day was set for the trial and the case was tried in the absence of the defendants. The plaintiffs introduced documentary and oral evidence. Among the documentary evidence there is a certificate issued by the official in charge of the Civil Registry of Barros attesting that María Félix Ortiz, mother of the plaintiffs, died on June 14, 1913, and a copy of the deed of conveyance whose nullity is prayed. It appears from the deed that Ortiz, father of the plaintiffs, mortgaged the said property to secure a debt of 3,000 *pesos* by a public instrument executed on January 20, 1900, and that having been unable to pay the first instalment of said debt, he entered into an agreement with his creditors and conveyed the mortgaged property to them in satisfaction of the debt. The deed also contains the following: ''José Dolores Ortiz declares that this conveyance is made with the knowledge and consent of his

wife, María Félix Ortiz." No evidence was submitted regarding the private partition referred to in the complaint.

The district court rendered judgment declaring the conveyance and its record in the registry to be null and void and ordering the defendants to reinstate the plaintiffs in the possession of the property and to pay them 180 *pesos* as an indemnity for the products received after the filing of the complaint, all without special imposition of costs. Both parties appealed from the said judgment, the plaintiffs in regard to the non-allowance of the products from the time the defendants took possession in 1902 and the defendants in regard to the declaration of nullity. Both appeals were prosecuted and heard together before this court.

We will first consider the appeal taken by the defendants; for if it should be sustained it will not be necessary to consider that taken by the plaintiffs.

The question of whether a conveyance of real property belonging to a conjugal partnership is null and void when made by a husband without the express consent of his wife on December 3, 1902, in payment of a debt, presents no doubt whatever. The Revised Civil Code was in force at that time and under the clear provisions of sections 159 and 1328 the question must be decided in the affirmative.

The defendants cited the act of the Legislative Assembly of Porto Rico "making valid certain contracts," approved February 24, 1903 (Comp. 1911, sec. 405), and this gave rise to an interesting argument between the distinguished attorneys for the parties as to whether or not the said act was constitutional. In the view which we take of the case we may disregard this question for the present.

In our opinion the facts alleged in the complaint do not constitute a cause of action, and after considering the allegations in the light of the result of the evidence introduced by the plaintiffs themselves, we are also forced to the conclusion

that the plaintiffs have come into court without a cause of action and are defeated by the plea of sine actione agis.

The complaint and the evidence show that the parents of the plaintiffs owed the defendants 3,000 pesos. To secure the payment of this amount a property was mortgaged. The mortgage deed was executed according to law. In these circumstances and the parents of the plaintiffs finding themselves unable to pay the debt, the property was conveyed to the creditors in satisfaction of the debt, and for that purpose the father appeared before a notary public, executed the deed and stated therein that the mother, his wife, knew of and acquiesced in the action taken by him. According to the common law, the husband, being the manager of the conjugal partnership, did not require the consent of his wife to execute such a contract. According to an act which went into effect on July 1, 1902, but was not published in printed form until some months later, the express consent of the wife was necessary. The contract was executed in 1902 and the wife did not die until 1913. More than ten years elapsed without any claim being made by the wife. Later, the father and children appear as meeting and making a so-called private partition in which it is said that the interest belonging to their mother was allotted to the plaintiffs. The father, who himself executed the conveyance and declared that the mother acquiesced therein, took part in that partition.

The court had no other knowledge of the partition than the mere allegation of the complaint transcribed, as follows: "That María Félix Ortiz died in the town of Barros, leaving as her sole and universal heirs her legitimate children Rafael, Quintín, Pedro, Severiana, Leocadia and Nicolás Ortiz y Ortiz, to whom the interest held by their mother, María Félix Ortiz, in the said property was allotted in common pro indiviso in a private partition in which they and their father, José Dolores Ortiz, participated." In such circumstances, can it be maintained that the plaintiffs have laid before the

court with the proper clearness and precision a claim which would warrant a judgment that the defendants should deliver to the plaintiffs the whole of the property in question, with the products thereof for a period of more than fourteen years?

In the year 1911 this court held that being the heir of one of the members of a conjugal partnership is not a sufficient title upon which to recover the half of a property which was a part of the estate of the conjugal partnership when no liquidation of said conjugal partnership has been made, for until such liquidation is made a surplus belonging to the spouses in equal shares can not be said to exist. *Succession of Morales* v. *Kieckoefer et al.*, 17 P. R. R. 889.

Where is it alleged in the complaint that the conjugal partnership composed of the parents of the plaintiffs and dissolved by the death of the mother was duly liquidated?

It will be said, perhaps, that a partition was alleged and that the partition presupposes the liquidation of the conjugal partnership. But consider the form of this allegation! It is more of a conclusion of law than a recital of facts. It is said that the plaintiffs were awarded the interest belonging to the mother, and nevertheless the whole of the property is claimed. The amount of the partition is not specified. It might be half; it might be less, or it might be more. This circumstance shows the need of a liquidation. The property was encumbered by a legally constituted mortgage. The plaintiffs are silent regarding the payment of that mortgage, which is another circumstance showing the need of a liquidation. We do not suppose that the plaintiffs even imagine that their father, who made the conveyance and declared that he acted with the previous consent of his wife, can benefit by the action which they have brought to annul the conveyance because the mother did not join therein. Now, the partition pleaded as a basis for the claim of the plaintiffs is a mere private act performed with the concurrence and aid of the

father who acted in direct opposition to the attitude which he assumed in the execution of the deed by which in 1902 the property in question was conveyed to the defendants, who have remained in quiet possession until the filing of the complaint in this action.

The courts can not look with favor upon claims of this kind. Hence the necessity for rigorously requiring that complaints in which such claims are set up shall contain a clear and concise statement of the facts from which the right of the plaintiffs is derived. The courts have no discretion as to this.

In view of all the foregoing, the defendants' appeal must be sustained, that of the plaintiffs dismissed, the judgment appealed from reversed and another rendered dismissing the complaint without special imposition of costs.

*Reversed.*

Chief Justice Hernández and Justices Wolf and Aldrey concurred.

Mr. Justice Hutchison concurred in the judgment.